All right, our second and last case today is number 21-11776, Donte Smith v. United States. Ms. Salem. Hi, good morning. May it please the court, my name is Megan Salant, and I represent Mr. Smith in this appeal. Before I get to the merits of our argument, I just want to clarify, there was an editing mistake in my reply brief. In the first full paragraph on page 14, I said that there was no case law from this court regarding the procedural default issue, and clearly that's wrong. It was just a mistake on my part. We recognize Granda and all the cases that came after that, but we do believe that Mr. Smith's case is distinguishable from Granda. Let's talk about the district court's reasoning. I mean, the district court's reasoning was that, and I'm going to summarize it. At the end of the day, Mr. Smith was convicted under whatever theory of substantive Hobbs Act robbery. And that is a crime of violence under the use of force clause. And that's the end of the matter. What's wrong with that analysis? Well, I think we can't. There's nothing wrong with that analysis, aside from the fact that the jury instructions in this case, they could not have left the jury with a firm belief, or they can't leave us, they can't leave the court with a firm belief that there was no error in the jury instructions. What was the error? Well, I believe that the jury instructions didn't separate the Hobbs Act robbery from the conspiracy to commit Hobbs Act robbery. But the Pinkerton instruction said that you could convict one of the defendants of a Hobbs Act robbery if all of the elements of Pinkerton liability were satisfied. What was wrong with that instruction? Well, the instruction also said that if they found the defendant guilty of conspiracy, they could find him guilty of any of the other offenses, which included the 924 C offenses. And just like this court presumes that the jury follows its instructions, it's only logical to assume that they also arrive at their conclusions in the simplest way possible. So once you've told the jury that all they need to do is find the defendant guilty of a conspiracy to commit Hobbs Act robbery, there's no reason to go any further than that, to suspect that then they also examined the individual substantive Hobbs Act robbery in light of the 924 C charges. All right, so can I ask you just a quick question, though? Because, I mean, once we're looking at the jury instructions, it seems that the jury instructions also did more than that, right? I mean, there's a separate instruction that seemed to separate out substantive Hobbs Act robbery. If you find the defendant not guilty on any given robbery count, you must also find the same defendant not guilty on any corresponding firearm count. So we can't just take Pinkerton instruction in isolation. We've got to consider it in the light of that instruction, in the light of the amended indictment, in the light of the verdict form, all of which seem fairly to separate out conspiracy from substantive Hobbs Act robbery. I think that the jury instructions, they obviously delineate all those different offenses, but the Pinkerton instruction and the conspiracy instruction come directly after the 924 C instruction. And I just don't think it's reasonable to expect the jury to make that, to understand that. Again, the jury was told if you find him guilty of the conspiracy charge, you can find him guilty of any of the other offenses. And it's just not, it doesn't make sense to think that the jury wouldn't hear that and follow that instruction. So you think about respect to what else sort of what else the jury was instructed, what else it had before it in the form of the amended indictment, what else the verdict form said that's just sort of like too poisonous unnecessarily kind of taints the entire thing. I think that the confusing and the confusing instruction on conspiracy liability and Pinkerton liability were enough to negate the earlier instructions. Yes, I believe that the jury would find that very confusing. But how do you get around the historical fact that Mr. Smith was found guilty of the substantive Hobbs Act robbery. Well, the. I'm not sure I understand your question. I mean he was he was found guilty of the substantive Hobbs Act robbery, but that's a crime of violence. Sure, but, but we don't know that that's the crime of violence that the jury relied on in their verdict. We don't know. But as Judge Newsome said it. Each, each 924 C count was tied to a specific Hobbs Act robbery was it not. It was. And also a question for you that I mean, as Judge Newsome was was noting that the trial court instructed the jury that in order to convict Smith of any of the 924 C counts, it needed to find that he quote committed the corresponding robbery offense charged in count 246 or eight. And so that doesn't refer to the conspiracy count. So I guess I'm just not following you on why or how a jury reasonably given this specific instruction, and we presume that juries follow instructions could have returned a verdict on the 924 on any 924 C count based solely on its decision on conspiracy. Well, I guess, um, what we would say is is that the even Mr. Smith guilt on the substantive Hobbs Act robberies, we don't know if that was based on his actual guilt or on the fact that he was told that if they were found guilty of count one. I mean if he was found guilty of count one he could also be found guilty of count two, or any of the other I'm just using count two as an example. So, if he was found guilty on count two, because he was guilty in count one. That means he's really only been found guilty of Hobbs Act robbery conspiracy to commit Hobbs Act robbery, and that cannot support the subsequent corresponding 924 C conviction. Which the court cannot ignore that the jury was instructed that if they found him guilty of conspiracy, they could also find him guilty of all of the 924 C offenses. I just don't I don't think that that's, again, you know, I, I know that we, we presume that the jury can follow the instructions but I think these instructions were very confusing, and it ended up in a, it resulted in Mr. Smith spending over 8080 more years in prison, and he would have without those 924 C convictions, and it seems to me that we cannot look at the jury instructions, we don't we have a limited record in this case we don't have a. We don't have any transcript of the closing arguments we don't have a transcript of the opening statements we don't have anything like that to summarize what the theories were from from either side. Unlike in some of the other cases post grondo where we've been able to look, the court has looked at the, you know, the weight of the evidence and what the theories of guilt were and the things that were relied upon. In this case we don't have that. All we have are these really confusing jury instructions. Why don't we have all those things because it's the court reporters unavailable, and no one's ever prepared or what they were never prepared, and if you look at the transcript. For instance, there's the trial was in 1999. So, you know, it wasn't I will tell you the truth it wasn't even easy to get the jury instructions in this case, they're not docketed. I mean they are now because we were able to get them from the archives. But when you look at the transcript in those places where they're supposed to be the opening statements and the closing arguments, it actually states to a CGA rule and says not prescribed per CGA rule. I can't remember what the exact rule was. But we don't have that that that wealth of evidence that we had in the I'm sorry that the court had in the other pieces. It just doesn't seem reasonable to me that to risk an exposure of over 80 years, based on this, you know, based on a court's willingness to disregard what the jury instruction said. So, but here's, here's my question even about the Pinkerton instruction it. You know, I am not reading it to say that if you find him guilty of the conspiracy, then you should or could find them just based on that guilty of the substantive crimes because what the, the court was that if he was guilty of conspiracy count one with people who committed the robberies, and these other three conditions existed his co conspirator committed the robberies quote during the existence of the conspiracy and and furtherance of its objects, unquote, to that Smith was quote unknowing and willful member of the conspiracy. At the time of the commission of the robberies, unquote, and three that the commission of the robberies by a co conspirator was a reasonably foreseeable consequence of the conspiracy. All of these things would have to be shown. Anyway, to establish liability on the Hobbes Act robbery substantive Hobbes Act robbery would they not. Yes, but they would be finding. But again that then the defendant would be found guilty based on his based on his, his, but why is that so if the district court said specifically that in order to find him guilty of the others of the robberies themselves that the jury had to not only find him guilty of conspiracy to commit the robberies, but also of these other three things. Well that was how I'm sorry I believe the instruction you read was how they would find him guilty of the conspiracy correct. So, that is under yet under the Pinkerton instruction. Right. So before he gives those instruction, the judge gives those instructions out on page 22 of the jury instructions. It says so in this case with regards to count two through nine, which are the substantive and the 924 sees. If you would first found the defendant guilty of the conspiracy offense is charged in count one of the indictment. You may also find him guilty of any offense charged against him in a later count. Even though the defendant didn't purchase didn't personally participate in such offense. I think that's a very that's a. I know that he goes on to give the elements of the Pinkerton instruction, but that and it's like I said that in and of itself gives the jury permission to only find him to only to only find him guilty. Here's why I don't understand that, because a Pinkerton, a pink, a theory of substantive liability under Pinkerton theory necessarily includes these extra kinds of requirements that conspiracy on a standard, you know, that conspiracy for just a standard from the standard conspiracy, and also differentiates it from the reasoning in Brown, which is our opinion. It says that, you know, that a conspiracy, a general conspiracy a usual conspiracy not a Pinkerton conspiracy cannot fulfill the requirement. You know, under the 924 see requirement. You know what I'm saying. I do, I do. I believe that in theory what you're saying is correct, but I don't, I can't, I believe that the jury instructions were so flawed that we can't, we can't disregard them here and rely on a non lawfully educated jury to go back with a fine tooth comb and figure all that out. Okay, so just to be clear, then you're not arguing that you're just arguing that on this specific record. There's a problem, not that Pinkerton liability for substantive offense can't qualify as a 924 see predicate. Is that right, I, I, I believe that that's a different argument for a different day and it's not the argument in this case, correct. Okay, I just, I misunderstood so I thank you for that clarification. Okay, I'm going to, I will thank you for the extra time, I'm going to let Miss Acosta address the court. Very much you saved all of your time for rebuttal. It's a constant. Good morning, your honor's Winifred Acosta on behalf of the athlete, the United States. Mr. Smith has failed to establish that it was more likely than not that the jury based the guilty verdicts for the 924 see solely on the Hobbs conspiracy. I want to start with the record, just looking at the record alone shows that there was no uncertainty, no ambiguity. Starting with the indictment. The indictment was redacted to remove any reference to the conspiracy as a predicate for the 924 see. Then moving on to the jury. What do you mean redacted. There was a redacted indictment that went back to the jury, and it removed the conspiracy as a predicate, because the government abandoned that theory at trial. You're talking about what went back to the jury not the way the indictment was phrased. What went back to the jury, the redacted injury, the redacted indictment that went back to the jury. It was amended right wasn't it amended. Yes, I just say redacted, because that reference was not there so the jury was not able to read the indictment and see conspiracy as a predicate. Those two things, but go back to what Judge Rosenbaum said, those two things are different, it may not make a difference in this case but I want to make sure I understand what you're saying. You can have an indictment that is amended. Right, either before trial or sometimes at trial, with the consent of the parties in the court, because account may be dropped or something else. Or you can have an indictment that is still the same, but something gets redacted, when it gets sent back to the jury, because of prejudice concerns relevance concerns etc. Which one of the two happened here. It was my understanding that it was redacted but I think I may be using the terms redacted and amended interchangeably, but the bottom line is my understanding, but here's why it's important right. Yes, I mean, if it was amended, then there's no chance that the jury received an indictment that said that you can convict for 924 see based solely on count one the conspiracy count. If it was redacted, and it wasn't amended, you know, then presumably, you know, someone could have argued or the district court at the beginning of the trial or whenever could have read, you know, an indictment that said that you can convict on a 924 see count, you know, based on a predicate of conspiracy, and that matters here, right, or it could matter. So, that's why it's important. Yes, sure. And I see the difference. And I'm looking back at the indictment, which is, which was part of the record, and the 924 sees only reference substantive robberies. And is that because the question the questions that you're being asked is that because the government sort of renounced any theory that conspiracy could be the hook and amended the indictment to reflect that reality and then redacted, whatever old piece of paper there was so that there would be no confusion that there was a substantive amendment of the night. Yes. Yes, Your Honor.  But that's what the district court the district court said that the indictment that the indictment, as, as it was drafted, provided that I'm looking at page three of the district court's order. Each 924 see count also charged that the count one conspiracy was an underlying crime of violence. Then the district court goes on to explain to the same page that during trial, the government abandoned the part of the indictment predicating the 924 see charges on the conspiracy offense. So as the case went to the jury. Each 924 see count was predicated only on a specific substantive act. That's why you say it was a redaction. Yes, Your Honor. Correct. I apologize for the confusion. It may it may not be your confusion, it may be a combination of the two things because if the government is abandoning a legal theory at trial. That may amount to a de facto amending of the indictment with the court's approval and the defendant's consent, and then the indictment gets redacted to conform to that. And we don't have a trial transcript here so it's sort of hard to figure out exactly how all of that played out. Yes, Your Honor, and it was, it was my understanding that at the trial the government did abandon that whole theory of the conspiracy being a predicate for the 924 see and solely relied upon the substantive Hobbs robberies as predicates for the 924 see. And when you look at the jury instructions. There are a couple of places where the 924 see is tied directly to a Hobbs act robbery count. Looking at pages 11 and 12. In the introduction of each of the counts. Also, again, on page 17, the 924 sees are again tied directly to the Hobbs act robbery counts in the discussion of the 924 see offenses. And then again on pages 25 through 26, where the instructions state that if the defendant is found not guilty of a substantive Hobbs like robbery. The defendant must also be found not guilty of the corresponding 924 see. So ultimately what we have with the jury instructions and the verdict form. The jury was asked to decide whether a firearm was used or brandish in each of the substantive Hobbs act robberies. And it's, it's, as the court has already mentioned as well so that the district court must presume that must presume that the jury followed those instructions. It's unlikely that the jury would have convicted or would have relied only upon the conspiracy of which the object was the commission of for Hobbs act robberies. When in fact the jury unanimously, excuse me, when the jury unanimously found the defendant guilty of those for substantive Hobbs like robberies and unanimously found the defendant or found that a firearm was used or brandish as to each of those Hobbs act robberies. So our position is that the conspiracy and the substantive robberies were inextricably intertwined that no reasonable jury would have concluded that the firearms for brandish and furtherance of the conspiracy, but not also the substantive robberies. Those are essentially the same operative facts, and we rely upon price, which is cited in our brief, the facts are indistinguishable, like Smith price was charged with to 924 C offenses that each cited to crimes of violence predicates bank robbery and conspiracy to commit bank robbery. And the jury instructions removed any reference to any reference of the conspiracy as a predicate, and the jury was instructed that they can only convict of each 924 see if it found the defendant guilty of the corresponding bank robbery. So the jury instructions in the price case made it clear that the convictions were based on a valid predicate here the same thing. The jury instructions and the verdict form made it clear that that's what the jury did they based their guilty verdicts on a valid predicate that being the for substantive Hobbs like robberies and even in price the jury, the court said that the jury instructions. Essentially untied the 924 see from the conspiracy, and in this case on these facts on this record, we argue that the jury instructions and the verdict form basically tied the 924 see to the Hobbs a robbery, the substantive cows and untied the 924 see from the conspiracy. So can I have a quick question about price and I'm sorry that I've just forgotten for the specific details of price but so price you say was like this case in the sense that it involved a substantive count and the conspiracy to achieve that substance that same substantive count. So, but because I guess I would have thought that at least like say Hobbs act robbery and conspiracy to commit Hobbs act robbery. They are, they're obviously related but they're not inextricably intertwined factually necessarily I mean the conspiracy might precede or post date, the commission of the crime itself. Am I wrong about that I mean in many price answers the question but I mean, seems a little different from where you've got like say two crimes that are necessarily inextricably intertwined factually so that if the court, you know, sort of, if the jury found one it necessarily found the other. That doesn't seem like this true like logically to me with respect to substantive Hobbs act robbery and conspiracy to commit Hobbs act robbery those two things to be sort of like temporarily and factually distinct although related. That's true. But I think if you look at the operative facts, the, the message that I'm trying to convey here is that it's not reasonable for a jury to have found that the found that a firearm was used a brandish with respect to the conspiracy, but not on the other hand find that it was used our brandish with respect to a substantive robbery, when in fact you, you really do have an overlap of the fact they were inextricably intertwined the operative facts, a lot were the same so that's where we get the overlapping from. If that makes sense. Can I ask you one further just sort of like potential hang up that I have, and it, it pertains to the language of 924 see the clause here that we're dealing with it says that the, the defendant must what user carry the firearm during and in relation to a crime of But by virtue of the Pinkerton instruction I mean Pinkerton and I'm oversimplifying here a little bit but Pinkerton basically makes the defendant vicariously liable for the crimes of his co conspirators, right. And so if by virtue of Pinkerton we can't even be certain that this defendant himself committed Hobbs act robbery, he might be liable for Hobbs act robbery by virtue of something that john doe did. How can we be sure that he used or carry this firearm, both during Hobbs act robbery, and in relation to Hobbs act robbery. I would think he certainly carried in relation to Hobbs act robbery even on a conspiracy theory, even on a Pinkerton theory, but can we be sure that he carried used or carried during Hobbs act robbery, or does Pinkerton basically just say like yeah look he's covered under the during piece of this conjunction as well by virtue of his vicarious liability for the crime of his buddy. That's an interesting question your honor and I think that the during is covered by the vicarious liability because when you think about it the Pinkerton liability it doesn't change the nature of the offense the elements remain the same so the Pinkerton liability doesn't convert a substantive offense into a conspiracy. It really doesn't. The actual a threatened use of force or the fear of injury is still an element, regardless of who actually committed that act, whether or not it is the defendant, or it's a co conspirator. The bottom line is that the elements remain the same and there still is that element, actual or threatened use of force, which I think is very important. Yeah, just so I understand so the government's position is that this defendant could be guilty of carrying a firearm during a Hobbs act robbery, even if the only hook for his liability conviction for Hobbs act robbery is the act committed by someone else. By virtue of as long as all of the elements of the Pinkerton liability are satisfied. Then, yes, again because the elements haven't changed the nature of the offense. The nature. Follow up on Judge Newsom's question. Your answer I think would remain the same, even though potentially as Miss Salem argued both convictions, the Hobbs act robbery conviction, and the tide 924 c conviction were both premised on Pinkerton liability. I think that's, I mean there's nothing in the record to say that. Let's talk, let's talk about this hypothetical so let's assume that Mr. Smith is convicted of one of the hack of Hobbs act robberies, solely based on Pinkerton liability. He was sick that day. He wasn't there. But he knew that his co conspirators were going to do it. And they were able to do it without him that day so he did not participate that day. Right. So his conviction. Let's assume this, the evidence is sufficient. He gets convicted of that Hobbs act robbery, in which he did not personally participate, based on a Pinkerton theory. You're with me so far. I am. For that same robbery. He never carried a gun during and or in relation to a crime of violence, because he wasn't there. He gets convicted of the 924 c count tied to that robbery. Again, because of Pinkerton liability, because one of his co conspirators possessed a gun during that robbery. You're saying that that 924 c enhancement is perfectly appropriate. As long as all of the elements for Pinkerton liability are satisfied. As long as there's, this is a foreseeable consequence of his engagement in the conspiracy, just like with the aid in and abetting. In Cologne, it found, you know, the ADA and the better is treated or is responsible just as a principle is so necessarily the ADA and a better is considered to have satisfied the elements of the offense, just as a principle would. Okay, Miss Acosta, thank you very much. We appreciate it. Okay, you've got your full time for rebuttal. Thank you. Um, the first thing I just want to go back to what the court was asking Miss Acosta at the beginning of her presentation. I think that the I actually had the same confusion with my client about the redaction and the amendment. And it was I do believe that it was amended, and the government did in fact denounce their reliance on the conspiracy chart or the conspiracy for the Hobbs Act robbery. I'm sorry for the 924 c offenses. And I, if the court wants I can supplement the record with the trial transcript where that happens. It was on the second day of trial. But I agree with what Miss Acosta was saying it wasn't redacted it was amended I mean the way we're now using those phrases. It was in fact amended. That would be helpful if you could do that within the next week please. Absolutely. Confer with Miss Acosta make sure you both agree that that's the relevant portion of the transcript and then you can just submit it. Yes, absolutely. I'd be happy to do that. I'd also like to talk about, just to go back to Judge Jordan's hypothesis about Mr. Smith not being there and being convicted based on Pinkerton liability for the substantive and then also for the 924 c. I think that the kind of like what I said earlier, I think that that that's, that's exactly the problem is that the way that the jury instructions were structured. It. It wasn't it. Well, excuse me, let me start over again. I'm sorry. It was, it's. We are all sitting here, discussing, you know what the light how the liability could be different ways that he could be found liable for different offenses and what's valid and what's not. But the bottom line is the jury was told, if he was convicted of the conspiracy, he could be convicted of anything else. So we haven't, we don't, we don't know what the jury thought about counts two through nine, whether they were based on their, their own individual assessments of those, or if they saw the easiest path to find the conviction, or to not necessarily the easiest path not to make it seem like they didn't want to do their jobs, but they found the simplest path the one well, therefore, you know, if one then therefore two through nine. If you had if you if you were dealing only with that Pinkerton instruction. I think your argument would be stronger but you've got all the other instructions which tie each 924 seek out to the prerequisite of a corresponding object robbery conviction. Sure, I understand that. And I and I, we recognize that the instructions that were given were. They were, when you go to the jury instruction builder I mean they were the proper instructions. They just weren't structured in a way that I believe that the jury, not only that the jury could follow them in the appropriate manner, but that this court can now years, you know, over 2022 years later, can say with certainty that there was that it has no doubt that that that flawed structure in the instructions didn't lead to a invalid verdict on the jury's part. And I also, you know, the Breck standard requires that we can that there, there need that there needs to be a more than reasonable probability possibility that that there was actual prejudice. And I think these instructions in human nature dictate just that. If there are other questions and Mr Smith would ask that you reverse the ruling on his 2255 motion and remain to the district court. Thank you. All right, thank you both very much. So if you could file that portion of the transcript by next Friday. Absolutely, that would be that would be very helpful. Thank you. Okay, thank you. That constitutes our panel for the week, and we are in recess.